J. Joseph Wall, Jr., S.B.N. 120760
KORDA, JOHNSON & WALL LLP
Sixty-Six E. Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:    (408) 494-0700
Facsimile:    (408) 494-0707
E-mail:        jwalljr@pacbell.net

Attorneys for Plaintiff and Counter-Defendant
Barry D. Bloom

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BARRY D. BLOOM, an individual, ) | CASE NO.: C 08-02155-MHP |
| ) | |
| Plaintiff, ) | |
| ) | COUNTER-DEFENDANT BLOOM'S |
| v. ) | ANSWER TO COUNTERCLAIMS |
| ) | |
| CLAIMETRICS MANAGEMENT, ) | |
| LLC, a Nevada limited liability ) | |
| company; HALLMARK NATIONAL, ) | |
| LLC, a Nevada limited liability ) | |
| company;  and DOES 1 through 20, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| AND RELATED CROSS- ) | |
| COMPLAINT_____ ) | |

Pursuant to Federal Rules of Civil Procedure, Rule 8, counter-defendant Barry D. Bloom ("Bloom") answers the counterclaims of counterclaimants, and each of them, as follows:

   1.   Answering paragraph 31 of the Counterclaim, Bloom admits the allegations contained therein.

   2.   Answering paragraph 32 of the Counterclaim, Bloom lacks knowledge or

1

ANSWER TO COUNTERCLAIM

information sufficient to from a belief as to the truth of the allegation that Claimetrics has succeeded to all claims at one time held by Hallmark National, and on that basis denies it.

  3.  Answering paragraph 33 of the Counterclaim, Bloom admits the allegations contained therein.

  4.  Answering paragraph 34 of the Counterclaim, Bloom admits the court has original jurisdiction based on diverse citizenship.

  5.  Answering paragraph 35 of the Counterclaim, Bloom admits venue is proper.

  6.  Answering paragraph 36 of the Counterclaim, Bloom does not have sufficient information or knowledge as to the timing of the creation Hallmark National but admits all other allegations contained therein.

  7.  Answering paragraph 37 of the Counterclaim, Bloom denies the allegation to the extent it that suggests it was defendants who conveyed to Bloom that he hire senior executives, implement a new computer system, and add additional lines of insurance all of which were strategies and concepts created by Bloom and agreed upon by defendants. Bloom further denies that he would "accomplish Hallmark's National's strategic objectives which are not identified or set forth in paragraph 37. Bloom admits representing to Hallmark National that he had relevant industry experience and knew people who could serve as senior executives but Bloom never guaranteed customers for Hallmark National.

  8.  Answering paragraph 38 of the Counterclaim, Bloom admits that the parties entered into Bloom entered into a written employment agreement with Hallmark National, entitled "Executive Employment Agreement" dated April 24, 2006, and all of its terms, including counterclaimants' promise to pay a guaranteed base salary of three hundred thousand dollars ($300,000) per year for a fixed term of three years, which was to end on April 30, 2009. Bloom denies the remainder of the allegations contained therein.

ANSWER TO COUNTERCLAIM

9. Answering paragraph 39 of the Counterclaim, Bloom denies the allegations contained therein.

10. Answering paragraph 40 of the Counterclaim, Bloom admits Claimetrics terminated plaintiff's employment but denies such termination was with cause.

11. Answering paragraph 41 of the Counterclaim, Bloom denies the allegations contained therein, including any insinuation that defendants' termination of other senior executives was due to the conduct of plaintiff and not the result of conduct, most likely wrongful, of defendants.

12. Answering paragraph 42 of the Counterclaim, Bloom incorporates by reference paragraphs 1 through 11 of this Answer as if each were fully set forth below.

13. Answering paragraph 43 of the Counterclaim, Bloom admits that he entered into a written employment agreement with Hallmark National, entitled "Executive Employment Agreement" dated April 24, 2006. Plaintiff denies defendants "made clear what services they expected Plaintiff to perform," as previously discussed in paragraph 7.

14. Answering paragraph 44 of the Counterclaim, Bloom denies the allegation.

15. Answering paragraph 45 of the Counterclaim, Bloom denies the allegation.

16. Answering paragraph 46 of the Counterclaim, Bloom denies the allegation.

17. Answering paragraph 47 of the Counterclaim, Bloom incorporates by reference paragraphs 1 through 11 of this Answer as if each were fully set forth below.

18. Answering paragraph 48 of the Counterclaim, Bloom admits that he entered into a written employment agreement with Hallmark National, entitled "Executive Employment Agreement" dated April 24, 2006.

19. Answering paragraph 49 of the Counterclaim, Bloom admits the allegation.

20. Answering paragraph 50 of the Counterclaim, Bloom denies the allegation.

21. Answering paragraph 51 of the Counterclaim, Bloom denies the allegation.

22. Answering paragraph 52 of the Counterclaim, Bloom incorporates by reference paragraphs 1 through 11 of this Answer as if each were fully set forth below.

23. Answering paragraph 53 of the Counterclaim, Bloom admits in part and denies in part the allegation. Specifically, plaintiff admits that he promised to serve as the president and chief operating officer of Hallmark National but denies the remaining allegations.

24. Answering paragraph 54 of the Counterclaim, Bloom denies the allegation.

25. Answering paragraph 55 of the Counterclaim, Bloom denies the allegations.

26. Answering paragraph 56 of the Counterclaim, Bloom denies the allegations.

27. Answering paragraph 57 of the Counterclaim, Bloom denies the allegations.

28. Answering paragraph 58 of the Counterclaim, Bloom incorporates by reference paragraphs 1 through 11 of this Answer as if each were fully set forth below.

29. Answering paragraph 59 of the Counterclaim, Bloom admits that while he served as President and Chief Operating Officer of Hallmark National and Claimetrics he had a fiduciary duty to defendants.

30. Answering paragraph 60 of the Counterclaim, Bloom denies the allegations.

31. Answering paragraph 61 of the Counterclaim, Bloom denies the allegations.

### ANSWERING THE PRAYER FOR RELIEF

Bloom denies the allegations set forth in the prayer for relief in the Counterclaim and denies that counterclaimants are entitled to the relief requested therein.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate affirmative defense, Bloom alleges that counterclaimants failed to mitigate their damages which they contend they suffered and are therefore barred from recovery.

## THIRD AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that counterclaimants unreasonably delayed in bringing this action against him and such delay substantially prejudiced Bloom. Therefore, Bloom asserts the doctrine of laches which bars this action. .

## FOURTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that he performed all the covenants, conditions and promises on its part of the written contract between the parties, except those that he was prevented from performing by counterclaimants.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that counterclaimants are not entitled to relief and equity because counterclaimants acted with unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom asserts the doctrine of estoppel in that counterclaimants are estopped and barred from alleging the matter set forth in their Counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that his acts were performed with counterclaimants' consent and authorization.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that counterclaimants failed to perform conditions precedent to the contract and/or materially breached the contract, thereby

excusing or precluding Bloom from performance.

## NINTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that his acts were justified and/or privileged.

## TENTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges were undertaken in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and further affirmative defense, Bloom alleges that counterclaimants' alleged claims are barred in whole or in part by the waiver doctrine.

WHEREFORE, Bloom prays for judgment as follows:

1. That the Counterclaim be dismissed in its entirety with prejudice;
2. That Counterclaimants take nothing by way of their Counterclaim;
3. That Bloom be awarded costs of suit and attorney fees incurred in the defense of this action; and
4. For such other and further relief as the Court deems just and proper.

DATED:     May 29, 2008                         KORDA, JOHNSON & WALL LLP

_____
J. JOSEPH WALL, JR., Attorneys for
Barry D. Bloom