1  J. Joseph Wall, Jr. (SBN 120760)
   KORDA, JOHNSON & WALL LLP
2  66 E. Santa Clara St., Ste 250
3  San Jose, CA  95113
   Telephone:   (408) 494-0700
4  Facsimile:    (408) 494-0707
   jwalljr@pacbell.net
5

6  Attorneys for Claimant
   Barry D. Bloom
7

8  Meryl Macklin (SBN 115053)
   Thomas Kerr (SBN 241530)
9  HOLME ROBERTS & OWEN LLP
   560 Mission St.
10 25th Floor
   San Francisco, CA  94105
11 Telephone:  (415) 268-2000
12 Facsimile:   (415) 268-1999
   meryl.macklin@hro.com
13 tom.kerr@hro.com

14
   Attorneys for Defendants
15 Claimetrics Management LLC
   Hallmark National LLC
16

17                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
18                     SAN FRANCISCO DIVISION
19

| 20 | BARRY D. BLOOM, an individual | CASE NO. C 08-02155-MHP |
|---|---|---|
| 21 | Plaintiff, | **Honorable Marilyn H. Patel** |
| 22 | v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 23 | | |
| 24 | CLAIMETRICS MANAGEMENT LLC, a Nevada limited liability company; HALLMARK NATIONAL LLC, a Nevada limited liability company; and DOES 1 through 20, inclusive Defendants. | |

28

Pursuant to Civil Local Rule 16-9, plaintiff and counter-defendant Barry D. Bloom and defendants and counter-claimants, Claimetrics Management LLC and Hallmark National LLC, hereby submit this Joint Case Management Conference Statement.

1. <u>Jurisdiction and Service</u>: Diversity of citizenship is the basis for subject matter jurisdiction. No issues exist regarding personal jurisdiction or venue. All parties have been served.

2. <u>Facts</u>: Plaintiff Barry Bloom ("Bloom") entered into a written employment agreement, entitled "Executive Employment Agreement" dated April 24, 2006, with defendant Hallmark National, whereby Bloom agreed to serve as the President and Chief Operating Officer of Hallmark National for a guaranteed base salary of three hundred thousand dollars ($300,000) per year. The term of Bloom's employment service to Hallmark National was fixed for three years, ending on April 30, 2009. In addition, the Executive Employment Agreement required Hallmark National to provide a car at company expense, maintain a $1,500,000 life insurance policy for Bloom, and provide twenty-five (25) paid days of Personal Time Off ("PTO") each year throughout Bloom's three year term of employment. On November 7, 2006, defendants terminated Bloom's employment with Claimetrics. Such termination was conveyed in writing to Bloom in a document entitled "Notice of Termination of Employment Agreement" executed by Marshall Snipes and Tom Richards of Claimetrics on November 6, 2006. Defendants contend there was good cause for the termination, which is disputed by plaintiff.

3. <u>Legal Issues</u>: Plaintiff's causes of action are for breach of contract and fraud. In their counterclaim, defendants allege breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and breach of fiduciary duty. The main issue is whether defendants had good cause to terminate the fixed term contract.

4. <u>Motions</u>: Defendants intend to file a motion in early August, 2008, seeking sanctions for alleged destruction of evidence. Plaintiff may file a motion requesting relief from waiver of plaintiff's right to a jury trial.

5. <u>Amendment of Pleadings</u>: No amendments to the pleadings are anticipated at this time. The parties propose February 2, 2009 as the deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Bloom returned two computers to defendants. Bloom had one computers wiped clean. Defendants have taken exception to this which is the basis for their proposed motion. A third computer currently in Bloom's possession contains his personal information and that information has been preserved.

7. <u>Disclosures</u>: The parties previously submitted to the court The Parties' Joint Initial Discovery Plan Pursuant to Federal Rules Civil Procedure, Rule 26(f) and, as of today's date, a description of all disclosures has been made.

8. <u>Discovery</u>: No discovery has been conducted; however, defendants have issued Defendants' First Request for Production of Documents, Electronically Stored Information, and Things. Plaintiff's response is due August 6, 2008. Depositions are anticipated to take place between September and November of 2008. The parties proposed discovery plan pursuant to FRCP 26(f), which was previously submitted, includes the following:

    A. No changes will be made to the timing, form or requirement for disclosures under FRCP, Rule 26(a)(1), FRCP, Rule 26(a)(2), or FRCP, Rule 26(a)(3); defendants anticipate making a rolling production of documents supporting their claims and defenses beginning in late July, 2008, and continuing through late August, 2008; all other initial disclosures will be made by all parties by July 31, 2008.

    B. Plaintiff intends to depose defendant representatives, Tom Richards, Marshall Snipes, and, possibly, Robert Funk and William Stoller; and third parties, Mark Kania and Patricia Rossman;

    C. Defendants currently intend to depose plaintiff Barry Bloom, and possibly other witnesses;

    D. The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules or the Local Rules; no deposition will last longer than 7 hours;

    E. The parties propose a discovery cutoff of Friday January 30, 2009; and,

  F. Defendants believe there is a substantial issue in this case raised by Bloom's alleged destruction of documents maintained on a computer given to him by defendants for his use in the course of his employment with defendants. Defendants intend to file a motion in early August, 2008, seeking sanctions for this alleged destruction.

9. <u>Class Action</u>: N/A.

10. <u>Related Cases</u>: N/A.

11. <u>Relief</u>: Plaintiff seeks monetary relief in the minimum amount of $434,615.38 as salary, plus $28,846.15 in PTO–totaling $463,461.53. Bloom is entitled to an additional amount of money equaling the value of 20,000 shares of Delta Unit stock reflecting Bloom's 21% ownership interest in Hallmark/Claimetrics. Defendants have attempted to repossess that stock without payment pursuant to the Hallmark National LLC Operating Agreement. Counter claimants seek monetary relief.

12. <u>Settlement and ADR</u>: The parties have agreed and been ordered by the Court to attend private mediation.

13. <u>Consent to Magistrate for All Purposes</u>: N/A.

14. <u>Other References</u>: The case is not suitable to binding arbitration.

15. <u>Narrowing of Issues</u>: The parties will stipulate to bifurcate the trial on the issue of punitive damages.

16. <u>Expedited Schedule</u>: This case can be streamlined.

17. <u>Scheduling</u>: The parties propose the following dates for the respective issues:

  A. Designation of Experts: January 15, 2009;

  B. Fact Discovery Cutoff: January 30, 2009;

  C. Last Day to Amend Pleadings: February 6, 2009;

  D. Expert Discovery Cutoff: March 2, 2009 ;

  E. Last day to file Dispositive Motions: March 13, 2009;

  F. Last day to file Preliminary Pretrial Conference Statements: May 8, 2009;

  G. Pretrial Conference: May 22, 2009

18. <u>Trial</u>: Plaintiff requests a jury trial and expects the case to last 7-10 court days. Defendants contend that Plaintiff, have not previously requested a jury trial, has waived that right.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Plaintiff is not aware of any non-party interests and has not filed any Certification of Interested Entities or Persons.

20. <u>Other Matters</u>: None.

DATED: July 24, 2008  KORDA, JOHNSON & WALL LLP

_____
J. Joseph Wall, Jr.
Attorney for Plaintiff
BARRY D. BLOOM

DATED: July 24, 2008  HOLME ROBERTS & OWEN

_____
Thomas Kerr,
Attorney for Defendant
CLAIMETRICS MANAGEMENT LLC and
HALLMARK NATIONAL