Meryl Macklin (CA Bar No. 115053)
Thomas Kerr (CA Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission St.
25th Floor
San Francisco, CA 94105
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
meryl.macklin@hro.com
tom.kerr@hro.com

Attorneys for Defendants
Claimetrics Management LLC
Hallmark National LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BARRY D. BLOOM, an individual<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>CLAIMETRICS MANAGEMENT LLC, a Nevada limited liability company; HALLMARK NATIONAL LLC, a Nevada limited liability company; and DOES 1 through 20, inclusive<br>Defendants and Counterclaimant. | CASE NO. C 08-02155-MHP<br><br>Honorable Marilyn H. Patel<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO AMEND RESPONSE TO AUGUST 7, 2008, ORDER TO SHOW CAUSE AND AMENDED RESPONSE TO ORDER TO SHOW CAUSE** |

///

///

///

///

///

**MOTION FOR ADMINISTRATIVE RELIEF**

Pursuant to Civil Local Rule 7-11, Defendants and Counterclaimants Claimetrics Management LLC and Hallmark National LLC ("Defendants"), hereby move to for Administrative Relief in order to amend their Response to the Court's August 7, 2008, Order to Show Cause Re Removal, and therefore for the Court to Reconsider its August 14, 2008, Order of Remand. Defendants' Amended Response to the Order to Show Cause is set forth below, for the Court's consideration.

On August 6, 2008, the Court ordered Defendants to show cause why this cause should not be remanded to Superior Court for the County of San Mateo on the basis of a lack of diversity jurisdiction. On August 11, 2008, Defendants filed their Response to the Order to Show Cause, in which Defendants stated that they did not object to the remand to San Mateo Superior Court. Following that response, Defendants' counsel discovered new material facts. Defendants attempted to withdraw their initial Response to file an Amended Response, but were unable to do so in advance of the Court's Order of Remand. Accordingly, Defendants now respectfully seek administrative relief in order to Amend their Response to the Order to Show Cause, and for the Court to thereby reconsider its Order of Remand. This Court retains jurisdiction to reconsider its Order of Remand until the Order is certified to the state court. *See Seedman v. Unites States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988); *Bucy v. Nevada Const. Co.*, 125 F.2d 213, 217-18 (9th Cir. 1942).

**AMENDED RESPONSE TO ORDER TO SHOW CAUSE**

Defendants hereby amend their Response to the Court's August 6, 2008, Order to Show Cause Re Removal, originally filed with the Court on August 11, 2008. Since filing their initial response, Defendants' counsel learned new material facts that establish that this Court properly has subject matter jurisdiction of this matter.

Defendants acknowledge that, as the Court noted, citizenship for Limited Liability Corporations is determined by the citizenship of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, as currently constituted and as was true at the time this case was filed and removed, no Member of Defendants' LLC is a citizen of California (Hallmark National LLC was the original name of what is now Claimetrics Management

1

Defendants' Motion for Administrative Relief
Case No. C 08-02155-MHP
#39345 v1

LLC). Therefore, complete diversity exists, and this Court retains subject matter jurisdiction over this case.

When Defendants' LLC was originally formed in 2006, Plaintiff Barry Bloom ("Plaintiff"), who is a resident of California, was a Member of the LLC. *See* Amended And Restated Operating Agreement ("Operating Agreement"), attached as Exhibit B to Declaration of Thomas Richards (Richards Decl.), ¶ 3. However, by operation of the Operating Agreement, when Mr. Bloom was terminated by Claimetrics for cause, his interest in Defendants <u>automatically</u> divested and was redeemed by Defendants. *See* Notice of Termination of Employment Agreement, attached as Exhibit A to Richards Decl., ¶ 2. Therefore, Plaintiff is no longer a Member of Defendants' LLC, no remaining Members of Defendants are citizens of California, and therefore, there is complete diversity between the parties.

Article XI of the Operating Agreement is entitled "Termination of a Member's Employment and Mandatory Redemption." Under Section 11.1(a) of the Operating Agreement:

> [i]mmediately upon the termination of any Member's employment with the Company by the Company "with cause"... all of the Units owned of record... by such Member (the "<u>Breaching Member</u>") shall be deemed hereby, automatically and without any further action required on the part of the Breaching Member, to have been offered for sale (the "<u>Breach Offer</u>") by the Breaching Member to the Company on the date of the Breach Termination on the following terms and conditions...

(emphasis in original). Therefore, by operation of this provision, immediately upon Plaintiff's termination of employment "with cause," Plaintiff's twenty thousand (20,000) Delta Units of the capital interest in Defendants were "automatically" offered for sale to Defendants (the "Breach Offer").

Under Section 11.1(a)(i) of the Operating Agreement, once a Breach Offer is made,

> (i)   Within 60 days of the Breach Termination (the "<u>Breach Offer Period</u>"), the Company shall notify the Breaching Member in writing (the "<u>Breach Member Notice</u>") whether or not Company shall accept such Breach Sale Offer.
>
> (ii)  If the Company shall accept the Breach Offer... the Company shall purchase the Breach Units at a price (the "<u>Breach Purchase Price</u>") equal to the Percentage Interest of the Breaching Member multiplied by the Company Value of the Company, multiplied by 60%...

2

Defendants' Motion for Administrative Relief
Case No. C 08-02155-MHP
#39345 v1

Following Plaintiff's termination, Defendants presented Plaintiff with a "Unit Redemption Agreement," which, in accordance with Section 11.1(a)(i) of the Operating Agreement, served as Defendants' notice to Plaintiff that Claimetrics accepted the automatic Breach Offer. *See* Unit Redemption Agreement, attached as Exhibit C to Richards Decl., ¶ 7.

In accordance with Section 11.1(a)(ii) of the Operating Agreement, Thomas Richards, Chief Financial Officer of Defendants, calculated the value of Defendants as detailed in the "Company Value" Definition in the Operating Agreement, in order to determine the price per unit of Plaintiff's interest in Defendants. *See* Richards Decl. ¶ 4. After calculating that the value of the LLC was negative (essentially, its expenses exceeded its revenues), Mr. Richards concluded that Plaintiff's units in the LLC were worth zero dollars ($0.00). *See* Richards Decl. ¶¶ 5-6. Accordingly, the Unit Redemption Agreement accepted Plaintiff's Breach Sale Offer at a price of zero dollars ($0.00) per unit of Plaintiff's interest in the LLC. *See* Richards Decl. ¶ 7.

Based on the Breach Offer that Plaintiff made to Defendants immediately upon his termination "for cause," and the subsequent notification of acceptance of that offer by virtue of the Unit Redemption Agreement, Plaintiff was divested of his interest when Defendants notified Plaintiff of the acceptance of the Breach Offer. At that point, no remaining Member of Defendants' LLC was a citizen of California. *See* Richards Decl. ¶ 8. Thus, complete diversity exists, and this Court may retain subject matter jurisdiction.

Based on the foregoing, Defendants respectfully request that the Court consider Defendants' Amended Response to the August 7, 2008, Order to Show Cause Te Removal, and accordingly, that the Court reconsider its August 14, 2008, Order of Remand and retain jurisdiction over this case.

Dated: August 14, 2008          HOLME ROBERTS & OWEN LLP

By:      */s/ Thomas M. Kerr*
         Thomas M. Kerr
         Attorney for Defendants
         CLAIMETRICS MANAGEMENT LLC and
         HALLMARK NATIONAL LLC

3